████████████████████████████████

## U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
## ENFORCEMENT AND REMOVAL OPERATIONS

### Directive TECHNICAL AND PROCEDURAL UPDATE (TPU)

### Age Determination Procedures for Custody Determination

**Policy Number:** ERO 11301.4
**Issue Date:** 12/11/2015
**Superseded:** Directive Technical and Procedural Update "Age Determination Procedures for Custody Determination," ERO 11301.3, dated Sept. 24, 2014.
**Federal Enterprise Architecture Number:** 301-112-002b

1. **Purpose/Background.** This TPU supersedes the Directive, "Age Determination Procedures for Custody Determination." This TPU updates policy and procedures for determining the age of individuals in ERO custody, including unaccompanied children (UC) to align with changes made by the Department of Health and Human Services (HHS).

1.2. Determining whether an individual in ERO custody is a minor or an adult often presents challenges, including one or more of the following:

    1) Lack of documentation;

    2) Contradictory or fraudulent identity documentation or statements;

    3) Physical appearance of the alien;

    4) Diminished capacity of the alien.

2. **Policy.** ERO determines the age of individuals in our custody consistent with HHS's Office of Refugee Resettlement (ORR), "ORR Policy Guide Children Entering the United States Unaccompanied, 1.6: Determining the Age of an Individual without Lawful Immigration Status," (August 28, 2015), attached.

2.1. This directive applies to age-determination procedures only.. It does not alter other policies regarding the care, feeding, and well-being of ERO detainees.

3. **Definitions.** The following definitions apply for the purpose of this directive only.

3.1. **Adult:** a person who is 18 years of age or older.

3.2. **Juvenile/Minor:** a person who is under the age of 18 years.

3.3. **Medical Payment Authorization Request:** a request for medical, dental, or mental health services payment.

███████████████████████████████████████

**3.4.** **Unaccompanied Child (UC):** a child who:

1) Has no lawful immigration status in the United States;

2) Has not attained 18 years of age; and

3) With respect to whom:

- There is no parent or legal guardian in the United States; or

- No parent or legal guardian is available to provide care and physical custody.

**4.** **Responsibilities.**

**4.1.** The **Custody Management Division (CMD)** is the Office of Primary Interest and manages, administers, and ensures compliance with this directive.

**4.2.** **Field Office Directors (FODs)** establish local procedures that comply with the age-determination procedures in the HHS Instruction.

**4.3** **Field Office Juvenile Coordinators (FOJCs)** implement age-determination procedures established by their respective FODs, in coordination with IHSC Managed Care Branch personnel.

**4.4.** **ICE Health Service Corps (IHSC),** the medical authority for ICE, develops procedures to assist ERO in completing age determinations as provided in the HHS Instruction. IHSC also maintains a list of medical and dental practitioners fully qualified in age-determination techniques.

**4.5** **IHSC Managed Care Branch** provides assistance to ERO field staff by coordinating age-determination procedures for identifying minors.

**5.** **Procedures.**

**5.1** FODs implement local procedures to determine the age of individuals in their custody in accordance with the ORR Policy Guide, following the steps outlined below. FOJCs evaluate the information collected and establish both that the documents are valid and that the individual in question is the rightful bearer of those documents (i.e., not an imposter).

Note:

- Information from each category is not required.

████████████████████████████████████████████████

- Step 4 is used when age is indeterminable from steps 1 through 3, with arrangements coordinated by IHSC.

- Until the age determination is made, the individual in custody is entitled to all services provided to juveniles.

Officers follow the regulatory confidentiality protections afforded to asylum seekers and other protected classes when interacting with third parties, as provided in 8 C.F.R. §§ 208.6 and 1208.6.

1) Acceptable documentation:

   a) Official government-issued documents, including birth certificates. If you question a document's authenticity or the alien possesses no documentation, verify the validity of the alien's claim by contacting government officials of the alien's home country.

   b) Other objective documentation (e.g. baptismal certificates, school records, medical records) that indicate the alien's date of birth.

2) Statements by individuals (including the one whose age is in question) asserting personal knowledge of the alien's age, and who ERO concludes can credibly attest to the person's age.

   a) Statements provided by the individual regarding his/her age or birth date. Generally, an alien's uncorroborated declaration regarding age is not used as the sole basis for an age determination.

   b) Statements from the alien's parent(s) or legal guardian(s), if such persons can be identified and contacted.

   c) Statements from other persons.

3) Information from another government agency (Federal, State, local, or foreign).

   a) State/local arrest records.

   b) Child welfare agency records.

   c) Consular records.

4) Age assessment procedures (e.g., dental and skeletal [bone] maturity assessments using x-rays or other medical techniques identified by the

███████████████████████████████████████████████████

medical community as appropriate) may be used as a last resort, when no conclusive information is available.

a) The examination will be performed by a medical professional experienced in age assessment method(s), taking into account the individual's ethnic and genetic background.

b) As no medical assessment method can determine an exact age, best practice relies on the estimated probability that an individual is 18 years or older.

5.2. Request assistance from IHSC by initiating a "Medical Payment Authorization Request" through the IHSC Managed Care Branch. IHSC will coordinate with a licensed and credentialed forensic practitioner.

5.3. IHSC will provide a written report to the case officer on the same day as the examination if all possible, detailing the forensic method used to determine age and the probability that the alien is a juvenile or an adult.

1) The examining doctor submits a written report indicating the probability percentage that the individual is a minor or an adult.

2) The FOD or designee (SDDO or above) reviews the medical report.

3) If the probability of an individual being 18 years old or older is 75 percent or greater, process the individual as an adult.

5.4. The FOD will promptly evaluate new information regarding the age of the individual in ERO custody if presented by the individual or his/her legal representative.

6. **Recordkeeping.** The FOJC maintains a record of results, especially radiographic (x-ray), in appropriate fields of the ENFORCE Custody Actions and Decisions Screen and maintains a copy in the alien's A-file. The FOJC documents all information relied upon to determine age (the information referenced, data systems used, individuals or agencies consulted, statements, and conclusions) in accordance with local procedure using Form I-213, Record of Inadmissible/Deportable Alien; Form G-166C, Memorandum of Investigation; or memorandum to file.

7. **Authorities/References.**

7.1. The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 5074 (December 23, 2008); 8 U.S.C. § 1232 (b) (4).

████████████████████████████████████████

7.2.   Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR), "ORR Policy Guide, 1.6 Determining the Age of an Individual without Lawful Immigration Status," (August 28, 2015); http://www.acf.hhs.gov/programs/orr/resource/children-entering-the-united-states-unaccompanied-section-1#1.6

8.   **No Private Right Statement.** This directive is an internal policy of ERO. It is not intended to, does not and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil or criminal matter.

████████████████████████        12/11/15
                                _____
                                       Date

**Tae Johnson**
**Assistant Director for Custody Management**
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**