

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 11, 2025

**BY ECF**

Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Robert F. Kennedy Human Rights et al. v. U.S. Dep't of Homeland Security et al.*,
      25 Civ. 4349 (AS)

Dear Judge Subramanian:

      I write respectfully pursuant to the Court's July 7, 2025 order, ECF No. 40, to explain why, in this case, processing of records of the Office for Civil Rights and Civil Liberties (CRCL) of the Department of Homeland Security (DHS) should proceed at a rate of 750 pages per month.

      **Background.** This case concerns FOIA requests made by plaintiffs to several DHS components. Among other things, plaintiffs sought various records from CRCL related to two memoranda CRCL issued in 2020 and 2022. *See* Complaint Ex. 2 at 5-6, ECF No. 1-2. As explained by the accompanying declaration of Catrina M. Pavlik-Keenan, Deputy Chief FOIA Officer for DHS's Privacy Office ("Pavlik-Keenan Decl."), CRCL located 6157 potentially responsive pages. *Id.* ¶ 18.

      **Processing rate.** DHS respectfully requests that the Court adopt its proposal to process 750 pages of these CRCL records per month. As Ms. Pavlik-Keenan explains, this is the maximum feasible rate to which the agency can commit given its current resources and the constraints of other pending FOIA requests and litigation. This proposed rate also compares favorably with other processing rates ordered by courts in this district in other FOIA matters.[1]

---

[1] Because FOIA requests vary widely, and agencies may experience significantly different FOIA burdens over time, a comparison to other cases cannot demonstrate what is practicable for this request at this time. Nonetheless, the proposal of 750 pages per month is higher than some court-ordered productions in recent years, and within the mainstream of agency processing. *See, e.g., Haitian Bridge All. v. DHS*, No. 22 Civ. 8344 (ER), 2024 WL 476304, at *11 (S.D.N.Y. Feb. 7, 2024) (approving proposed processing rates of 500, 750, and 400 pages per month from CBP, ICE, and DHS respectively); *Adhikaar v. Dep't of State*, No. 19 Civ. 5881 (GHW) (S.D.N.Y. 2019), Dkt. No. 41 (ordering processing at a rate of 400 pages per month); *Rolling Stone LLC v. DOJ*, No. 23-CV-10741, 2024 WL 3862521, at *3 (S.D.N.Y. Aug. 19, 2024) (describing 500 pages per month as "fairly standard"). Moreover, courts recognize that a single request, however important, should not overwhelm other requests. *See Nat'l Sec. Counselors v. DOJ*, 848 F.3d 467, 471 (D.C. Cir. 2017) (approving FBI policy of processing individual FOIA requests in 500-page increments because this "provides more pages to more requestors, avoiding situations in which a few, large queue requests monopolize finite processing resources" (quotation marks omitted)).

*The law.* FOIA imposes no specific timetable or rate for processing records. An agency that has received a FOIA request is generally required to "determine within 20 [working] days" what steps it will take in response, and "immediately notify" the requester of its determination and reasons, and the right to appeal. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(i)(I)-(III). But FOIA's 20-working-day time period does not create a deadline for production—instead, a requester is simply deemed to have constructively exhausted administrative remedies if an agency does not take the specified actions within 20 days, and thus may sue. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013); 5 U.S.C. § 552(a)(6)(C)(i). No other provision in FOIA creates a specific timeframe for the release of records. *See* 5 U.S.C. §§ 552(a)(3)(A) (an agency shall make records responsive to a proper request "promptly available"), (a)(6)(C)(i) (same for litigated cases).

FOIA does permit certain requests to be prioritized above others; this is referred to as "expedited processing." 5 U.S.C. § 552(a)(6)(E). To qualify for expedited processing, a requester must show either a "compelling need" (a term defined by the statute) or other criteria an agency provides for by regulation. *See* 5 U.S.C. § 552(a)(6)(E)(i). But, as explained in the legislative history to the 1996 FOIA amendments that created FOIA's expedited processing provision, "[n]o specific number of days for compliance is imposed by the bill, since, depending on the complexity of the request, the time needed for compliance may vary." S. Rep. No. 104-272, at 17 (1996). Even for expedited processing, moreover, "[t]he goal is not to get the request . . . processed within a specific time frame, but to give the request priority for processing more quickly than otherwise would occur." *Id.* An expedited request thus moves "to the front of the agency's processing queue." *Documented NY v. Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021) (quotation marks omitted).

Expedited processing means processing "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), a standard that incorporates factors such as how many expedited FOIA requests the agency is already processing, the volume of requested materials, the demands of agency review, and competing obligations of the same agency staffers. *Documented*, 2021 WL 4226239 at *2; *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. Dep't of State*, 300 F. Supp. 3d 540, 548 (S.D.N.Y. 2018) (evaluating what is "practicable" based on evidence from the agency about its general processing capabilities, other FOIA requests, and any national security concerns that limit processing speed); *Colbert v. FBI*, No. 16-CV-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (considering "the size and compelling need of the request compared to others, as well as the effect of the request on the [agency's] ability to review other FOIA requests").

*Expedited processing requirements in this case.* It is the requester's burden to show an entitlement to expedited processing, *see Nat'l Day Laborer Org. Network v. ICE*, 236 F. Supp. 3d 810, 816 (S.D.N.Y. 2017), and the parties' opening briefs are being filed simultaneously. DHS thus respectfully reserves its rights to respond to plaintiffs' submissions, and does not concede that expedited processing is merited. We note here that DHS regulations provide four specific standards for expedited processing. 6 C.F.R. § 5.5(e)(1).

*DHS's proposal.* Assuming for the sake of argument that the CRCL request does qualify for expedited processing, plaintiffs' proposed rate (which, based on discussions with counsel, we

understand is 2000 pages per month) is not "practicable." Instead, as DHS explains, the greatest rate that CRCL can currently provide without putting at risk other court-ordered processing obligations is 750 pages per month.

As DHS explains, DHS-FOIA—the component processing the CRCL request—has received just over 100,000 FOIA requests during this financial year, and has processed just over 58,000, with a backlog of 42,853 requests. Pavlik-Keenan Decl. ¶ 14. DHS-FOIA generally processes requests in the order they are received, and tries to ensure that no single request or category of request occupies disproportionate staff time. *Id*. ¶ 15. Devoting too much time to any single request or type of request would significantly delay other requests. *Id*.

DHS-FOIA currently employs 38 full-time processors. *Id*. ¶ 16. Six of these requesters handle litigation matters exclusively, and each of them can typically process approximately 1750 pages per month. *Id*. This totals approximately 10,500 pages per month of processing capacity for litigation requests; however, DHS-FOIA is handling 122 separate litigation matters at this time. *Id*. "Processing" means reviewing potentially responsive records for responsiveness and any applicable FOIA exemptions, so that a requester receives responsive, non-exempt material. *Id*. The proposed rate for this case of 750 pages per month represents about 7.1% of DHS-FOIA's total litigation staff time.

DHS-FOIA's resources have recently been significantly constrained. DHS-FOIA has taken on FOIA matters from other DHS offices as part of an overall realignment designed to streamline the Department's FOIA activities. *Id*. ¶ 10. Most significant for this case, CRCL's own FOIA staff were placed on administrative leave in March, and DHS-FOIA was assigned FOIA matters previously handled by CRCL's FOIA staff. *Id*. ¶¶ 10-11. In addition, DHS-FOIA has seen a substantial increase in workload without a corresponding increase in staff allocation, and has lost five full-time FOIA staff in the last several months. *Id.* ¶ 14. DHS-FOIA is currently exploring options to increase FOIA processing capacity by reassigning or hiring new staff (including, if necessary, by seeking applicable exceptions to general limitations on hiring), streamlining its internal processes, or taking advantage of technology. *Id*. ¶ 17. For example, DHS-FOIA plans to hire as many as six new FOIA analysts, though this will take some time given the need to find qualified staff and the necessary clearance process. *Id*.

Given all of these circumstances and limitations, DHS explains that 750 pages per month is the maximum practicable processing rate for the requested CRCL records at this time. *Id*. ¶ 19. DHS believes that any higher rate would require the Department to redirect its finite and already thinly stretched resources at the expense of other FOIA cases, most of which were filed before this one. *Id*. DHS-FOIA would have to reassign staff from other matters, which would halt or dramatically reduce its ability to process those other cases. *Id*. Processing at a greater rate would also create a risk that DHS-FOIA would be unable to comply with other existing court-ordered processing schedules already in place. *Id*. Processing at a greater rate would cause significant and long-lasting delays to DHS-FOIA's processing of other, first-in-time requests. *Id*. However, Ms. Pavlik-Keenan also notes that if, during processing, it becomes clear that a higher rate is feasible, DHS-FOIA will promptly notify the parties, and is willing to revisit the rate if feasible. *Id*.

We thank the Court for its attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov

*Counsel for the government*