

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 15, 2025

**BY ECF**

Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Robert F. Kennedy Human Rights et al. v. U.S. Dep't of Homeland Security et al.*,
      25 Civ. 4349 (AS)

Dear Judge Subramanian:

      I write respectfully pursuant to the Court's July 7, 2025 order, ECF No. 40, to respond to plaintiffs' amended letter-brief, ECF No. 44 ("Pl. Br."), and further explain why processing of records of the Office for Civil Rights and Civil Liberties (CRCL) of the Department of Homeland Security (DHS) should proceed at a rate of 750 pages per month.

      **Expedited processing criteria.** As we noted, it is the requester's burden to show an entitlement to expedited processing. *See Nat'l Day Laborer Org. Network v. ICE*, 236 F. Supp. 3d 810, 816 (S.D.N.Y. 2017) ("*NDLON*"); 5 U.S.C. § 552(a)(6)(E)(vi) (a showing of "compelling need" to qualify for expedited processing must be "made by a statement certified by [the requester] to be true and correct to the best of such person's knowledge and belief"). Plaintiffs should be held to their statutory burden. Much of plaintiffs' brief is not based on and does not cite plaintiffs' declaration, and many of the facts plaintiffs seek to rely on are not the sort subject to judicial notice under Rule of Evidence 201.

      Plaintiffs' case for a compelling need also does not take into account the age of the records sought: the request seeks records dating back ten years, and the CRCL records at issue in the instant dispute primarily relate to an investigation CRCL commenced in 2020 and completed in 2022. *See* ECF No. 1-2 at 5-6. Courts have rejected claims for expedited processing when relevant events are several years in the past. *See, e.g.*, *Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 123 (D.D.C. 2013); *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001). Finally, even if the general topic of the request retains significant public interest, a requester seeking expedited processing must show a compelling need for the *specific* records sought in the request. *See Elec. Priv. Info. Ctr. v. Dep't of Def.*, 355 F. Supp. 2d 98, 101 (D.D.C. 2004).

      To the extent plaintiffs rest their argument for expedited processing on 5 U.S.C. § 552(a)(6)(E)(v)(II), DHS notes that the standard for showing that a requester is "*primarily* engaged in disseminating information" considers what a requester's *primary* activity is, following the statutory text. It is not enough for a plaintiff to show that disseminating information is one of its activities or merely "part of [its] mission." *Landmark Legal Found. v.*

*EPA*, 910 F. Supp. 2d 270, 276 (D.D.C. 2012). Thus, while it is true this basis for expedited processing is not limited to journalists, Pl. Br. 2, it does not suffice for a requester to show that it "maintain[s] websites that receive many visits," that it "analyze[s] public records" on the topic of the request, or that it intends to publish information it receives—instead, it must show that its primary purpose is to dissemination information. *NDLON*, 236 F. Supp. 3d at 817.

DHS respectfully disagrees with the holding of *Brennan Center for Justice v. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018), which purported to "presume" agency delay when an agency fails to process a request subject to expedition within FOIA's 20-working-day time period.[1] As explained in the government's opening letter brief, the 20-day period does not require an agency to complete searches and all processing in that time (which, for some requests, could cover thousands of pages); it requires only a "determination." Govt. Br. 2. The *Brennan Center* court thus misunderstood the statute in reaching its conclusion.

Finally, even among expedited requests, in determining an appropriate processing rate, the Court should consider both "the size and compelling need of [Plaintiff's] request compared to others." *Documented NY v. United States Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *5 (S.D.N.Y. Sept. 16, 2021) (quotation marks omitted). Thus, the specifics of plaintiffs' case for expedition—including any gaps—are relevant.

**Practicability.** If the Court concludes that the request is entitled to expedited treatment, Ms. Pavlik-Keenan's declaration demonstrates that a processing rate of 750 pages per month constitutes processing "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), based on DHS-FOIA's resources and burdens. As Ms. Pavlik-Keenan explains, DHS-FOIA has six full-time litigation staff members for 122 current litigations, and each can process approximately 1750 pages per month. Pavlik-Keenan Decl. ¶ 16. A processing rate of 3000 pages per month in this case would amount to 28.5% of all DHS litigation resources for just one of these 122 matters. Although DHS-FOIA is currently exploring options to increase its processing capacity, *id*. ¶ 17, this will take time. A processing rate of 3000 pages per month would require DHS-FOIA to reassign staff from other matters; cause significant and long-lasting delays to DHS's processing of other, earlier-in-time requests; and would also create a risk that DHS-FOIA would be unable to comply with existing court-ordered processing schedules already in place in other matters. *Id*. ¶ 18.[2]

Plaintiffs' citations (Pl. Br. 3) to other matters where courts have required processing at rates of 3000 or even 5000 pages per month cannot demonstrate that such a rate is "practicable" for this request and this agency at this time. In any event, these rates are outliers, *see* Govt. Br. 1 n.1, and do not demonstrate that such rates are typical, even among cases in which expedited processing has been found applicable.

We thank the Court for its attention to this matter.

---

[1] Moreover, even this presumption is rebuttable, *see Elec. Frontier, Found. v. DOJ*, No. CV 06-1773, 2007 WL 9813148, at *2 (D.D.C. Sept. 27, 2007), a showing made here by DHS's declaration.

[2] Ms. Pavlik-Keenan's declaration addresses a rate of 2000 pages per month, which we understood was plaintiffs' proposal based on discussions with counsel. However, the same harms are even more likely at the rate of 3000 pages per month.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Peter Aronoff
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov

*Counsel for the government*