JAY CLAYTON
United States Attorney for the
Southern District of New York
By:   PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; NATIONAL IMMIGRATION PROJECT; and AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA;<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, and OFFICE OF THE INSPECTOR GENERAL, U.S. DEPARTMENT OF HOMELAND SECURITY;<br><br>*Defendants*. | 25 Civ. 4349 (AS)<br><br>**ANSWER** |

Defendants the United States Department of Homeland Security ("DHS"), and its components United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security Office for Civil Rights and Civil Liberties ("CRCL"), and the U.S. Department of Homeland Security Office of Inspector General ("OIG," and together with the other defendants, "Defendants" or the

"government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answer the Complaint under the Freedom of Information Act ("FOIA") of plaintiffs Robert F. Kennedy Human Rights; National Immigration Project; and American Civil Liberties Union Of Louisiana ("Plaintiffs"), upon information and belief as follows. The government specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, the government may refer to such materials for their accurate and complete contents; however, the government's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. The government answers as follows:

1.      Paragraph 1 contains legal conclusions and a description of this action, to which no response is required.

2.      The government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Except for its last sentence, paragraph 3 consists of legal conclusions and citations, to which no response is required. As to the last sentence of paragraph 3, the government admits.

4.      Paragraph 4 consists of legal conclusions and citations, to which no response is required.

5.      Paragraph 5 consists of legal conclusions and citations, to which no response is required.

6.      The government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Paragraph 7 consists of characterizations of government documents cited in or attached to the Complaint, which are the best evidence of their own contents, and does not require a response.

8.      The government admits only that Plaintiffs submitted the subject FOIA request (the "Request") on January 27, 2025, to each of the Defendants, and that Exhibit 2 to the Complaint is a true and accurate copy of the Request; otherwise, the allegations of paragraph 8 characterize the Request, which is the best evidence of its own contents, and do not require a response.

9.      The government denies knowledge or information sufficient to form a belief as to the truth of paragraph 9.

10.     The government admits only that Plaintiffs sought expedited processing of the Request; otherwise, the allegations of paragraph 10 characterize the Request, which is the best evidence of its own contents, and do not require a response.

11.     Defendant CBP admits the allegations of the first sentence. Defendant ICE admits the allegations of the second sentence. Defendants DHS, OIG, and CRCL deny the allegations of the third sentence. Defendant DHS avers that, by an email to Plaintiffs dated January 28, 2025, DHS acknowledged and responded to Plaintiff's FOIA request dated January 27, 2025, and assigned it reference number 2025-HQFO-02281. Defendant CRCL avers that it acknowledged and responded to the request on January 27, 2025 and assigned it reference number 2025-CRFO-00178.  Defendant OIG avers that it attempted to send an acknowledgement letter by email on January 30, 2025; however, the recipient's email address was incorrect, and thus the acknowledgement letter was returned to OIG as undeliverable.

12.     The government denies the allegations of paragraph 12.

13. The government admits only that, as of the date the Complaint was filed, the government had not provided Plaintiffs any responsive records pursuant to the Request; otherwise, the government denies the allegations of paragraph 13.

14. Paragraph 14 consists of legal conclusions and citations, to which no response is required.

15. The government denies that it has acted improperly with regard to the Request. The remaining allegations of paragraph 15 are argumentative and irrelevant to the instant FOIA request, and therefore do not require a response. To the extent a response is deemed necessary, the government denies.

16. The government denies that it has acted improperly with regard to the Request. The remaining allegations of paragraph 16 are argumentative and irrelevant to the instant FOIA request, and therefore do not require a response. To the extent a response is deemed necessary, the government denies.

17. Paragraph 17 consists of Plaintiffs' reasons for bringing this action, which do not require a response.

## JURISDICTION AND VENUE[1]

18. Paragraph 18 consists of legal conclusions regarding jurisdiction, to which no response is required.

19. Paragraph 19 consists of legal conclusions regarding venue, to which no response is required.

## PARTIES

---

[1] Headings from the Complaint are included only for ease of reference. By including them, the government does not admit the accuracy of the headings.

20. The government denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20.

21. The government denies knowledge or information sufficient to form a belief as to the allegations of paragraph 21.

22. The government denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22.

23. The government admits only that DHS is an agency of the federal government; the remainder of paragraph 23 consists of legal conclusions, as to which no response is required.

24. The government admits only that CBP is a component of DHS; the remainder of paragraph 24 consists of legal conclusions, as to which no response is required.

25. The government admits only that ICE is a component of DHS; the remainder of paragraph 25 consists of legal conclusions, as to which no response is required.

26. The government admits only that CRCL is a component office of DHS; the remainder of paragraph 26 consists of legal conclusions or allegations that are argumentative and irrelevant to the instant FOIA request, as to which no response is required.

27. The government admits only that OIG is a component office of DHS; the remainder of paragraph 27 consists of legal conclusions, as to which no response is required.

28. Paragraph 28 consists of a legal conclusion, as to which no response is required.

## FOIA STATUTORY FRAMEWORK

29. Paragraph 29 consists of legal conclusions and citations, to which no response is required.

30. Paragraph 30 consists of legal conclusions and citations, to which no response is required.

31. Paragraph 31 consists of legal conclusions and citations, to which no response is required.

32. Paragraph 32 consists of legal conclusions and citations, to which no response is required.

33. Paragraph 33 consists of legal conclusions and citations, to which no response is required.

34. Paragraph 34 consists of legal conclusions and citations, to which no response is required.

## RELEVANT FACTS

35. Paragraph 35 consists of legal conclusions and citations, to which no response is required.

36. Paragraph 36 consists of legal conclusions and citations, as well as a citation to a report cited in the Complaint, which is the best evidence of its own contents, to which no response is required.

37. Paragraph 37 consists of legal conclusions and citations, to which no response is required.

38. Paragraph 38 consists of legal conclusions and citations to documents referenced in the Complaint, to which no response is required.

39. Paragraph 39 consists of quotations and characterizations of documents cited in the Complaint, which are the best evidence of their contents, and does not require a response.

40. Paragraph 40 consists of quotations and characterizations of documents cited in the Complaint, which are the best evidence of their contents, and does not require a response.

41. Paragraph 41 consists of quotations and characterizations of documents cited in the Complaint, which are the best evidence of their contents, and does not require a response.

42. Paragraph 42 consists of quotations and characterizations of a document attached to the Complaint, which is the best evidence of its contents, and does not require a response.

43. Paragraph 43 consists of characterizations of a document attached to the Complaint, which is the best evidence of its contents, and does not require a response.

44. Paragraph 44 consists of characterizations of documents cited in the Complaint, which are the best evidence of their contents, and does not require a response.

45. The government denies the allegations of paragraph 45.

46. Paragraph 46 consists of a recitation of allegations contained in a separate complaint in another matter that is now closed following a consensual settlement, which are irrelevant to the instant FOIA request, and does not require a response.

47. The government denies the allegations of the first sentence of paragraph 47. With respect to the second sentence, the government admits only that CRCL received between 2015 and 2020 more than 100 complaints related to age determinations made by CBP; otherwise, it denies the allegations. With respect to the third sentence, the government admits only that CRCL opened an investigation in 2020 related to CBP age determinations, and otherwise denies the allegations. The fourth and fifth sentences consist of characterizations and quotations from a document cited in the Complaint, which is the best evidence of its own contents, and do not require a response. The government denies knowledge or information sufficient to form a belief as to the last sentence.

## PLAINTIFFS' FOIA REQUEST

48. With respect to paragraph 48, the government admits only that Plaintiffs made a FOIA request to the defendant agencies on January 27, 2025, and that Exhibit 2 is a true and correct copy of the Request. The remainder of the paragraph consists of characterizations of the Request, which is the best evidence of its own contents, and does not require a response.

49. The government denies knowledge or information sufficient to form a belief as to the truth of paragraph 49.

50. The government admits the allegations of paragraph 50.

51. Paragraph 51 consists of legal conclusions, which do not require a response.

52. Paragraph 52 consists of legal conclusions, which do not require a response.

53. The government admits only that CBP responded by email on January 28, 2025, and that Exhibit 4 is a true and correct copy of its response; otherwise, the allegations consist of characterizations and quotations from that document, and do not require a response.

54. The government admits the allegations of paragraph 54.

55. Paragraph 55 consists of characterizations and quotations of a document attached to the Complaint, which do not require a response.

56. Defendants DHS, OIG, and CRCL deny the allegations of paragraph 56, and respectfully refer the parties and Court to their response to the allegations of the third sentence of paragraph 11, above.

57. Except for the last sentence, paragraph 57 consists of legal conclusions, and does not require a response. With respect to the last sentence, the government admits that as of the date the Complaint was filed, no agency had provided any further update to Plaintiffs regarding the Request.

58. The allegations of paragraph 58 are irrelevant to the instant FOIA request, and therefore do not require a response. To the extent a response is deemed necessary, the government denies.

59. The allegations of paragraph 59 are irrelevant to the instant FOIA request, and therefore do not require a response. To the extent a response is deemed necessary, the government denies.

60. Paragraph 60 consists of legal conclusions and citations, which do not require a response.

## COUNT I

61. The allegations of paragraph 61 repeat the allegations of previous paragraphs; the government therefore incorporates its responses to each of the preceding paragraphs.

62. Paragraph 62 consists of legal conclusions, to which no response is required.

63. Paragraph 63 consists of legal conclusions, to which no response is required.

## COUNT II

64. The allegations of paragraph 64 repeat the allegations of previous paragraphs; the government therefore incorporates its responses to each of the preceding paragraphs.

65. Paragraph 65 consists of legal conclusions, to which no response is required.

66. Paragraph 66 consists of legal conclusions, to which no response is required.

## COUNT III

67. The allegations of paragraph 67 repeat the allegations of previous paragraphs; the government therefore incorporates its responses to each of the preceding paragraphs.

68. Paragraph 68 consists of legal conclusions, to which no response is required.

69. Paragraph 69 consists of legal conclusions, to which no response is required.

## REQUEST FOR RELIEF

Paragraphs a-i consist of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, the government denies that Plaintiffs are entitled to the relief they seek or to any relief.

## DEFENSES

For further defenses, the government alleges as follows:

### FIRST DEFENSE

Some or all of the requested records or information may be exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### SECOND DEFENSE

Plaintiffs are not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

The government may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, the government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the government respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the government; and (3) grant such further relief as the Court deems just and proper.

Dated:  July 25, 2025
        New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   */s/ Peter Aronoff*
      PETER ARONOFF
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2697
      E-mail: peter.aronoff@usdoj.gov