

March 24, 2026

**VIA ECF**
Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re**:    ***Robert F. Kennedy Human Rights et al. v. U.S. Dep't of Homeland Security et al.*,
        25 Civ. 4349 (AS)**

Dear Judge Subramanian:

Plaintiffs respectfully submit this reply to the government's letter-brief and cross-motion for a stay, ECF No. 74.

The government's opposition misframes the issue before this Court. Plaintiffs do not ask the Court to appropriate money for DHS, resolve a political dispute between the branches, or issue any order that conflicts with the Anti-Deficiency Act. Plaintiffs ask this Court to enforce its own orders—twice entered, twice over government opposition—against a government that is violating them.

This afternoon, Judge Furman did just that, when he denied the government's motion for a stay of its FOIA obligations during the current lapse in appropriations to the Department of Homeland Security (DHS). *See Robert F. Kennedy Human Rights v. DHS*, No. 25 Civ. 6541 (JMF) (S.D.N.Y.), ECF No. 35. Judge Furman's order is now at least the fourth denial by a district court of a motion for a FOIA stay from DHS and its sub-agencies, and the second denial from a court in this district. *See* Pl.'s Letter-Motion to Compel, at 2, ECF No. 72 (collecting cases). At the conference denying the stay, Judge Furman summed up the issue succinctly: the government's political question argument is a red herring, frivolous, and a borderline sanctionable attempt to disguise its violation of a court order.

This Court should decline the government's invitation to become the first to hold that a funding lapse transforms a court order into a nonjusticiable political question. Instead, it should compel outstanding processing and production and deny the government's cross-motion for a stay.

## I.    The government has not attempted to meet the standard for a stay.

A stay requires the movant to prove: (1) likelihood of success on the merits; (2) irreparable harm; (3) a favorable balance of equities; and (4) that the stay serves the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009). The government's cross-motion does not even cite, much less meet these factors.

The government has no argument that it is likely to show that it complied with Plaintiffs' FOIA request within statutory deadlines and is therefore likely to succeed on the merits of this case. It identifies no irreparable harm from complying with this Court's orders. The balance of equities strongly favors plaintiffs, who seek records of physical, sexual, and psychological abuse of unaccompanied immigrant children by government officials, and whose entitlement to those records is delayed further with each month of non-compliance. And the public interest is not served by granting an indefinite stay to compliance with FOIA, a statute that mandates public documents be shared with the public. Because the government fails to address any of these factors, this Court should deny its cross-motion for a stay.

## II.    The political question argument is a red herring.

The government cites no case holding that a court loses jurisdiction over its own orders during a funding lapse, and none holding that FOIA enforcement becomes a political question during a shutdown. The cases it cites concern the merits of congressional appropriations decisions, not a court's power to enforce orders it has already lawfully entered. The government invokes the doctrine not because it applies, but to distract from its lack of a merits argument for its unilaterally imposed stay.

## III.    The government refutes its Anti-Deficiency Act argument.

The government's argument that it cannot comply with FOIA due to furloughs and the Anti-Deficiency Act is squarely contradicted by the record it has created.

**CBP's March 3 production.** Weeks after the February 14 appropriations lapse, CBP processed and reviewed 1,080 pages of records in this case. Pavlik-Keenan Decl. ¶ 23, ECF No. 75. This was not passive transmission of pre-processed materials: it was new processing of 1,080 pages, exactly the activity the government now calls legally impossible. The government's explanation? "[F]ollowing consultation with DHS Headquarters," CBP "determined that it can no longer work on FOIA matters." *Id.* ¶ 24. The government does not claim that CBP violated the Anti-Deficiency Act or that its production was an unauthorized expenditure of unappropriated funds. If the Anti-Deficiency Act did not change between March 3 and March 4, and CBP's capacity did not vanish overnight, then the only change that occurred was a policy decision by DHS Headquarters that it would not comply with previous court orders in FOIA cases. But that is a matter of will, not law. And though the government promises that it "will seek stays or extensions of its court-ordered deadlines as necessary," *id.*, it has already ceased compliance with this Court's orders, before seeking a stay or extension.

**The government has pre-funded and excepted staff who are not furloughed and can process and produce records.** The government's declarant, Deputy Chief FOIA Officer for DHS Ms. Pavlik-Keenan, is not furloughed. Her excepted functions include "government oversight of contractor activities" and "responding to court-ordered deadlines." *Id.* at ¶ 4. Contractors are

currently working at DHS-FOIA and can process already-collected records. *Id.* ¶ 10. The records here were collected before the lapse. The government's claim that contractors cannot make releases without furloughed employees' approval ignores that Ms. Pavlik-Keenan—whose excepted duties expressly encompass court-ordered deadlines—is the official who can provide that authorization. Her declaration identifies the missing step and then declines to take it.

**DHS interprets the Anti-Deficiency Act to require compliance with Court orders during a lapse in appropriations.** The government concedes that DHS "will deem excepted those activities that a court requires to continue during a funding lapse . . . ." Defs.' Letter-Brief and Cross-Motion, at 4, ECF No. 74. It stops short of arguing that the courts that have ordered FOIA compliance during this lapse did so erroneously. But it also claims to be unaware of any court that has considered the Anti-Deficiency Act and its constitutional implications.

At least two explicitly have: Judge Furman, earlier this afternoon, and Judge Ali, of the D.C. District Court, in arguments made before defendants filed their opposition here. *See* March 11, 2026 Joint Status Report at 6, *Democracy Forward Foundation v. U.S. Department of Homeland Security*, 1:25-cv-04089 (AHA) (D.D.C.), ECF No. 17 (citing DOJ legal guidance that compliance with court order is authorized during an appropriations lapse). The government's own declaration attached to its status report in *Democracy Forward* cites the Act. And the plaintiff there opposed those arguments in the same report by citing legal authority that overrides the Act's general prohibition on agency activity during a lapse in appropriations. So Judge Ali's minute order did not leave the Anti-Deficiency Act argument unaddressed. It necessarily squared with it, without the need to cite it. And the government was, in fact, aware of Judge Ali's consideration of these arguments, prior to filing the same arguments here.

**Pattern of delay.** This Court entered the CRCL processing order, ECF No. 49, after rejecting the government's capacity objections. It entered the CBP processing order, ECF No. 70, after rejecting them again. The government has now, for the third time, asserted capacity constraints that make it impossible to comply with FOIA. And for the third time that assertion is contradicted by the government's own declaration. The Court should weigh this pattern in evaluating the government's current representations.

For the foregoing reasons, plaintiffs request that this Court compel the government to process documents consistent with its orders at ECF No. 49 and ECF No. 70 and deny the government's cross-motion for a stay. In light of consistent delay in this case, plaintiffs also request that this Court clarify its previous orders that any documents sent for consultations or referrals from one agency to another must be produced no later than the next deadline for production.

The relief requested in blue is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 72 and 74.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 25, 2026

Respectfully,

 */s/ Anthony Enriquez*

Anthony Enriquez
Vice President, U.S. Advocacy and Litigation
Robert & Ethel Kennedy Human Rights Center
88 Pine Street, Suite 801

3

New York, NY 10005
*Counsel for Plaintiffs*

cc (via ECF):  Counsel for Defendants